**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| LISLE CORPORATION, ) | |
|    an Iowa corporation, ) | |
|      Plaintiff, ) | |
| ) | |
|       v. ) | Civil Action No. |
| ) | |
| AUTOZONE, INC., ) | Judge |
|    a Nevada corporation, ) | |
| ) | Magistrate Judge |
|       & ) | |
| ) | JURY DEMAND |
| GREAT NECK SAW MANUFACTURERS, ) | |
| INC. ) | |
|    a New York corporation, ) | |
|      Defendants. ) | |

**PLAINTIFF LISLE CORPORATION'S COMPLAINT**

The Plaintiff, Lisle Corporation (hereinafter "Lisle"), for its Complaint against Defendants, AutoZone, Inc. (hereinafter "AutoZone") and Great Neck Saw Manufacturers, Inc. (hereinafter "Great Neck Saw") alleges as follows:

**I.    THE PARTIES**

1.    Plaintiff Lisle Corporation is an Iowa corporation having its principal place of business at 807 East Main Street, P.O. Box 89, Clarinda, Iowa 51632. Lisle is in the business of making and selling tools, automotive tools, and specialty tools throughout the United States.

2.    Upon information and belief, AutoZone is a Nevada corporation with a principal business address of 123 South Front Street, Memphis, Tennessee. Upon information and belief, AutoZone is a specialty retailer and distributor of automotive replacement parts and accessories,

including tools, with store locations throughout the country and in this district, including four store locations in Des Moines, Iowa.

3. Upon information and belief, Great Neck Saw is a New York corporation with a principal place of business at 165 East 2nd Street, Mineola, New York, 11501. Upon information and belief, Great Neck Saw is in the business of making and selling tools, automotive tools, and specialty tools throughout the United States.

## II. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 U.S.C. § 1 et seq., and particularly 35 U.S.C. §§ 271 and 281. The Court accordingly has subject matter jurisdiction under the laws of the United States concerning jurisdiction of actions relating to Letters Patent, Title 28 U.S.C. § 1331 and 1338(a).

5. The Court has general and specific personal jurisdiction over AutoZone based on its systematic and continuous contacts with this district, including its operation of at least four stores in Des Moines, Iowa, and its sale of fuel disconnect tools within this district that form the basis for Lisle's patent infringement claim. See Iowa Code § 617.3; Iowa Rule of Civil Procedure 1.306; and Fed. R. Civ. P. 4(k)(1)(A).

6. The Court has specific personal jurisdiction over Great Neck Saw pursuant to Iowa's long arm statute. See Iowa Code § 617.3; Iowa Rule of Civil Procedure 1.306; and Fed. R. Civ. P. 4(k)(1)(A). On information and belief, Great Neck Saw purposefully directed activities at residents of the forum relating to sales of fuel disconnect tools that form the basis for Lisle's patent infringement claim. On information and belief, Great Neck Saw has sold, offered for sale the infringing fuel disconnect tool to AutoZone via an established distribution channel that created a regular and anticipated flow of the tool into the state of Iowa. On information and belief, Great Neck Saw operates a website http://www.greatnecksaw.com that purposefully

directed activities at residents of this district by offering for sale the infringing fuel disconnect tool that is the basis for Lisle's patent infringement claim.

### III.   CAUSE OF ACTION

7. On October 31, 2006, United States Letters Patent No. 7,127,787 (the '787 patent) to Whitehead entitled "Tool for Disconnecting a Fuel Line From a Fitting" was duly and legally issued. Lisle is the owner, by virtue of assignment of all rights, title and interest in and to the '787 patent. The '787 patent is attached hereto as Exhibit A.

8. The '787 patent is valid and enforceable.

9. At all times since issuance of the '787 patent, Plaintiff has been engaged in the business of making, selling, and distributing fuel line disconnect tools within the scope of claims of the `787 patent.

10. In accordance with 35 U.S.C. §287, Plaintiff has at all time appropriately marked the patented Lisle tools within the scope of claims of the `787 patent .

11. On information and belief, Great Neck Saw is currently selling and/or offering for sale a fuel line disconnect tool which infringes at least claim 1 of the '787 patent.

12. The tool is sold, offered for sale, and distributed under Great Neck Saw's OEM brand name, Model: 25154 "OEM Fuel Module Disconnect." *See* Exhibit B.

13. The OEM Model 25154 fuel line disconnect tool is available for purchase from Great Neck Saw's website (*see* Exhibit C):

http://greatnecksaw.com/product_info.php?cPath=257_323_330&products_id=91521.

14. A comparison of Figure 4 of the '787 patent and the infringing fuel line disconnect tool is set forth in the table below:



| Figure 4 from the '787 patent | Model 25154 Fuel Module Disconnect |
|---|---|

15. On information and belief, AutoZone, through one or more retail stores in this judicial district, is currently selling and/or offering for sale a fuel line disconnect tool which infringes at least claim 1 of the '787 patent. The tool is sold, offered for sale, and distributed under Great Neck Saw's OEM brand name, Model: 25154 "OEM Fuel Module Disconnect." The OEM Model 25154 fuel line disconnect tool is available for purchase from AutoZone stores within this juridical district, including the AutoZone store located at 7900 Douglas Avenue, Urbandale, Iowa 50322. The fuel line disconnect tool is also available for purchase from AutoZone's website (*see* Exhibit D):

   *http://www.autozone.com/autozone/catalog/accessories/accProductDetails.jsp?category DisplayName=Tools&fromString=search&itemIdentifier=607066_0_0_&productId=607066&s ortType=&parentId=6-10&filterByKeyWord=25154&categoryNValue=100006&navValue=101690&fromWhere=&ite mId=1690-10&displayName=GM+fuel+module+disconnect+tool+fits+3/8+and+5/16+in.+connectors&st*

*ore=1920&skuDisplayName=GM+fuel+module+disconnect+tool+fits+3/8+and+5/16+in.+connectors&brandName=OEM*

16. Defendants' acts of infringement have been without express or implied license by Plaintiff and are in violation of Plaintiff's rights.

17. Plaintiff has been damaged by the Defendants' acts of infringement.

18. Upon information and belief, Defendants will continue to infringe the '787 patent unless enjoined by this Court.

19. Upon information and belief, Defendants infringement has been willful and deliberate.

**IV.   JURY DEMAND**

20. Plaintiff demands a jury trial on all issues so triable.

**V.   PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that:

A. Pursuant to 35 U.S.C. §271, this Court enter judgment that the Defendants have been and are currently infringing the '787 patent;

B. Defendants and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with them who receive notice of the injunction, and others acting on their behalf, be permanently enjoined from infringing the '787 patent;

C. Defendants be directed to provide an accounting to determine the damages suffered by Plaintiff as a result of the Defendants' infringing conduct, such damages including, but not limited to, Plaintiff's lost profits on sales of the Defendants' Model 25154 fuel disconnect tool;

    D.    Defendants be directed to pay Plaintiff the amount of damages which Plaintiff has sustained as a result of Defendants' acts of patent infringement, and that such damages be trebled under 35 U.S.C. §284;

    E.    This be declared an exceptional case under 35 U.S.C. §285, and Plaintiff be awarded its attorney's fees;

    F.    Defendants be directed to pay Plaintiff an award of pre-judgment interest, post-judgment interest, and costs of the suit to Plaintiff; and

    G.    Plaintiff be granted such other further relief as the Court may deem proper and just.

Dated: September 1, 2009

Respectfully submitted,

/s/ Brant D. Kahler
William C. Brown
brown@brownwinick.com
G. Brian Pingel
pingel@brownwinick.com
Brant D. Kahler
kahler@brownwinick.com
Brown Winick
666 Grand Avenue
Suite 2000, Ruan Center
Des Moines, IA 50309
Telephone: (515) 242-2400
Facsimile: (515) 283-0231

Of Counsel:

Matthew P. Becker
*mbecker@bannerwitcoff.com*
**BANNER & WITCOFF, LTD.**
10 South Wacker Dr. Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**Attorneys for Plaintiff
LISLE CORPORATION**